Johnson, J.
Hawkins says, that “ a riot is the tit” multuous disturbance of the peace, by three persons or more assembling together, of their own authority, with, an intent mutually to assist one another, against any who shall oppose them in the execution of some enterprise ox a private nature, and afterwards executing the same in a violent and turbulent manner, to the terror of the people, whether the act intended were, of itsélf, lawful or unlawful.” Hawk. P. C. ch. 65 sec. 1. And in relation to the violence and terror necessary to the consummation of the offence, the same writer observes, in the 4th section of the same chapter, that “there must be some such circumstance, either of actual force or violence, or, at least, of an apparent tendency thereto, as is naturally apt to strike a terror into the people'; as the show of armour, threatening speeches, turbulent questions,” &c.; and, it seems, that it is no way material, whether the act intended to be done by such an assembly, be, of itself, lawful or unlawful.—Ibid, sec. 7.
What is this case? Marsh, the prosecutor, had erected a dam across Clear Creek, partially on the defendant’s (Brooks) land, and Brooks had determined'to cut it, and let off the water. Expecting opposition from Marsh, he armed himself and the other defendants, and went to the place. He said he intended to cut the dam — and that he would not be insulted on his own land : and would do it, at all hazards. He did the act; and when these circumstances are analyzed, they make out the offence, in the very terms of the definition. The defendants assembled together for the purpose of protecting Brooks in cutting Marsh’s dam, an enterprise of a private nature. They were armed, and Brooks used threatening language — and they did cut the dam.
Motion dismissed.
O’Neal & Harper, Js. concurred.